UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WAYNE ISAACSON and
RACHELLE ISAACSON,

    Plaintiffs,

v.                                             Case No.:  2:24-cv-715-SPC-NPM

QBE SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Defendant QBE Specialty Insurance Company's Motion to Dismiss.  (Doc. 5).  Plaintiffs Wayne and Rachelle Isaacson filed a Response in opposition (Doc. 9), and Defendant replied (Doc. 12).  The Motion is now ripe for review.

This is an insurance bad-faith action.  Plaintiffs entered into a policy with Defendant effective from December 14, 2021 to December 14, 2022.  (Doc. 3 ¶ 6).  On September 28, 2022, Hurricane Ian damaged Plaintiffs' residential property, so they filed a claim with Defendant.  After investigating the claim (the thoroughness of which is disputed), Defendant estimated and issued the Replacement Cost Value for covered Dwelling damages of $165,01.86 (after the deductible).  (Doc. 3 ¶ 15).  Plaintiffs felt this amount undervalued the true

amount of loss, so they conducted their own investigation. They ultimately provided Defendant with a damage estimate in the amount of $1,679,639.04 (RCV) for Dwelling and $91,174.18 (RCV) for Other Structures.

On April 28, 2023, Plaintiffs served their Civil Remedy Notice. (Doc. 5-1 at 119-25). Then on May 31, 2023, Plaintiffs demanded to resolve the amount-of-loss dispute through appraisal.[1] On September 1, 2023, a Final Appraisal Award was entered that included an RCV of $892,025.63 for Dwelling and $89,284.41 for Other Structures. (Doc. 3 ¶ 20; Doc. 5-1 at 114). Eighteen days later, Defendant tendered the remaining amount owed in insurance benefits. Plaintiffs now bring this action for bad faith under Fla. Stat. §§ 624.155 and 626.9541.[2] Among other grounds, Defendant moves to dismiss this case as premature because there has been no adverse adjudication that it breached the Policy.

As of December 16, 2022, Fla. Stat. § 624.1551, in its amended form, provides that a bad-faith claim "shall not lie" until the insured "has established through an adverse adjudication by a court of law that the property insurer breached the insurance contract and a final judgment or decree has been

---

[1] Defendant argues it demanded appraisal on March 8, 2023. (Doc. 5 at 2). For now, the Court presumes the facts in Plaintiffs' Complaint are true.

[2] Section 624.155(1)(a)(1) provides that any person may bring a civil action against an insurer when he is damaged by a violation of § 626.9541. So while two statutes are cited, they are part of a singular bad-faith claim.

rendered against the insurer." It continues, explaining that "the payment of an appraisal award does not constitute an adverse adjudication under this section." *Id.* Defendant, relying on this section, argues this case must be dismissed because there has not been an adverse adjudication against it. And, as the statute makes clear, the fact Defendant paid out the appraisal award is insufficient. Defendant is correct.

In opposition, Plaintiffs argue that this statute, as amended, is inapplicable because it was not enacted until December 16, 2022, which is after the subject insurance Policy was issued. And they insist that § 624.1551 cannot be applied retroactively. This is true. *See, e.g.*, *Newman v. Am. Home Assurance Co., Inc.*, No. 22-CV-20979-JB, 2024 WL 1209801, at *14 (S.D. Fla. Mar. 20, 2024) (declining to apply § 624.1551 retroactively when action was filed before amendment took effect); *St. Lucia Condo. Ass'n, Inc. v. Lexington Ins. Co.*, No. 2:20-CV-125-JLB-NPM, 2023 WL 6882807, at *2 (M.D. Fla. Jan. 9, 2023). But it also irrelevant because the statute is not being applied retroactively here.

Under Florida law, when addressing whether a statutory amendment applies to a statutory remedy, courts look to the statute in effect on the date the cause of action accrued. *See Agency for Health Care Admin. v. Payas*, 372 So. 3d 787, 789 (Fla. Dist. Ct. App. 2023) ("[T]he determinative point in time separating prospective from retroactive application of an enactment is the date

the 'cause of action' accrues, which is the date that a party has the right to sue") (citation omitted). Because a bad-faith claim is a statutory action, a bad-faith cause of action accrues "when the last element constituting the cause of action occurs." Fla. Stat. § 95.031(1); *Lopez v. Geico Cas. Co.*, 968 F. Supp. 2d 1202, 1206 (S.D. Fla. 2013). Here, Plaintiffs' claim could not have accrued until after the appraisal award, which the panel issued on September 1, 2023, well after § 624.1551 became effective in its current form. Thus, a prerequisite to Plaintiffs' bad-faith claim is a final adverse adjudication against Defendant that it breached the policy. Because they have not obtained such a judgment, this case is premature and must be dismissed. *Cf. Dailey v. State Farm Ins. Co.*, No. 23-CA-008403, 2024 WL 637023, at *3 (Fla.Cir.Ct. Feb. 09, 2024) (rejecting the same argument Plaintiffs raise here and dismissing the bad-faith claim).

In protest, Plaintiffs cite *Menendez v. Progressive Exp. Ins. Co.* There, the Florida Supreme Court explained that "the statute in effect at the time an insurance contract is executed governs substantive issues arising in connection with the contract." 35 So. 3d 873, 876 (Fla. 2010). Because the parties executed the subjected Policy back in 2021, Plaintiffs argue the December 2022 amendment of § 624.1551 would not apply. But the *Menendez* case is inapposite. Unlike in *Menendez*, which dealt with a contractual claim, here Plaintiffs' bad-faith claim is for extra-contractual statutory damages. *See Fla.*

4

*Ins. Guar. Ass'n, Inc. v. Bernard*, 140 So. 3d 1023, 1033 (Fla. Dist. Ct. App. 2014) (contrasting the *Menendez* rule, which "is derived from cases involving contractual claims under an insurance policy, which are logically, and constitutionally, governed by the law in effect at the time of the contract" from a statutory claim that exists as a matter of "legislative grace"). So this rule does not apply.

Their citation to *St. Lucia Condo. Ass'n, Inc. v. Lexington Ins. Co.*, is even less compelling. There, the court explained that the amendment to § 624.1551 cannot be applied retroactively. No. 2:20-CV-125-JLB-NPM, 2023 WL 6882807, at *2 (M.D. Fla. Jan. 9, 2023). But, as discussed above, this proposition is not disputed here. Moreover, the facts of *St. Lucia Condo. Ass'n.* are distinguishable. St. Lucia moved to amend the complaint post-appraisal to include a bad-faith claim. *Id.* at *1. The defendant, Lexington Insurance, argued amendment would be futile because § 624.1551 barred the claim given St. Lucia had not proven it breached the policy. *Id.* The court held that amendment would not be futile because the relevant amendments to § 624.1551 occurred *after* the issuance of the subject insurance policy, the issuance of the appraisal award, Lexington's payment of the appraisal award, and the adjustment of St. Lucia's claim. *Id.* But here, the appraisal, the appraisal award, and Defendant's payment of the appraisal award all occurred

5

after the December 2022 amendment to § 624.1551. So *St. Lucia Condo. Ass'n.* does nothing to bolster Plaintiffs' argument.

In sum, Fla. Stat. § 624.1551 bars Plaintiffs' claim because they have not obtained a final adverse judgment against Defendant that it breached the insurance contract. Nevertheless, Plaintiff argues this is an issue for summary judgment, and the case cannot be dismissed at this stage because they adequately pled a bad-faith claim. This argument is unpersuasive. Courts routinely dismiss without prejudice (or in some cases, abate) premature bad-faith claims. *See, e.g.*, *Santana v. Allstate Fire*, No. 8:24-CV-400-TPB-AAS, 2024 WL 1513259, at *1 (M.D. Fla. Apr. 8, 2024). This case is no different.[3]

Accordingly, it is now

**ORDERED:**

1. Defendant QBE Specialty Insurance Company's Motion to Dismiss (Doc. 5) is **GRANTED.**

2. Plaintiffs' Complaint is **DISMISSED without prejudice.**

3. The Clerk is **DIRECTED** to deny all pending motions as moot, terminate any deadlines, and close the case.

---

[3] Because the Court dismisses the case as premature, the Court need not address the other issues raised in Defendant's Motion.

**DONE** and **ORDERED** in Fort Myers, Florida on October 22, 2024.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record